**Eko SETYAWAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71317.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 22, 2011.

Eko Setyawan, Rowland Height, CA, pro se.

Marshall Tamor Golding, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the Dis-

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

trict Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

## MEMORANDUM **

Eko Setyawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

Setyawan does not challenge the agency's dispositive finding that his application for asylum was untimely. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed abandoned). Accordingly, his asylum claim fails.

Setyawan does not contend he suffered past persecution, but fears future persecution because unknown assailants sexually assaulted his daughter and burned down his brother's church. Substantial evidence supports the agency's finding that he does not have a clear probability of future persecution because he did not establish he faces any particular threat. *See Wakkary v. Holder*, 558 F.3d 1049, 1065–66 (9th Cir.2009) (a withholding of removal applicant must establish that it is more likely than not that he would be subject to perse-

cution on one of the specified grounds). We reject Setyawan's contention that the BIA erred in not referencing *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004), because the BIA analyzed his claim under a disfavored group analysis. Accordingly, Setyawan's withholding of removal claim fails.

Finally, we lack jurisdiction to consider petitioner's claim that the IJ applies different standards of proof to different cases in a way favorable to the government because petitioner did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

